UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MARK H. ENSLEY**                                                              **CIVIL ACTION**

**VERSUS**                                                                              **NO. 22-4650**

**ST. PETER'S CATHOLIC CHURCH, ET AL.**                          **SECTION: "A"(1)**

**REPORT AND RECOMMENDATION**

Plaintiff, Mark H. Ensley, a state inmate, has filed this civil action against the following defendants: St. Peter's Catholic Church; Ann Carter Ensley; the "Nat'l Archdiocese"; the "Louisiana Archdiocese"; the "New Orleans Archdiocese"; and "Presbyterian Churches USA." In this lawsuit, he claims that the defendants "alienat[ed] [him] from the affections of [his] father, Mr. Jim Ensley …."[1]

Where, as here, a plaintiff seeks to invoke the jurisdiction of a federal court, he bears the burden to prove that such jurisdiction in fact exists. See, e.g., Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1, 665 F.2d 594, 595 (5th Cir. 1982) ("[T]he party claiming federal subject matter jurisdiction bears the burden of proving it."). In addition, "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010); accord Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case. … [S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level.").

---

[1] Rec. Doc. 4, p. 4.

For the following reasons, it is clear that plaintiff has not established that federal subject-matter jurisdiction exists in this case.

"There should be little need for a reminder that federal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress." Epps, 665 F.2d at 595 (quotation marks omitted). Specifically, unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States ("federal question" jurisdiction); and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000, exclusive of interest and costs ("diversity" jurisdiction). See 28 U.S.C. §§ 1331 & 1332(a)(1). Plaintiff has not established that either type of jurisdiction exists here.

Plaintiff filed this lawsuit on the standard complaint form to be used by prisoners filing federal civil rights actions pursuant to 42 U.S.C. § 1983, thereby presumably invoking federal question jurisdiction. However, his claims simply are not cognizable under that federal statute.

In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that

the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Here, plaintiff cannot meet either of those requirements.

First, he has not alleged the violation of any **federal** right. On the contrary, the only claim specifically referenced in the complaint is one for alienation of affection, but "[t]here is no … federal cause of action for alienation of affection." Endencia v. American Psychiatric Association, Civ. Action No. 21-cv-02360, 2022 WL 103707, at *5 (N.D. Ill. Jan. 11, 2022), appeal dismissed, No. 22-1229, 2022 WL 3337818 (7th Cir. Mar. 29, 2022); see also Hill *ex rel.* Hill v. Pennsylvania Department of Corrections, 521 F. App'x 39, 41 n.3 (3rd Cir. 2013) ("A claim for alienation of affections is a common law tort that by itself cannot be the basis for a federal action."); Schuppin v. Unification Church, 435 F. Supp. 603, 609 (D. Vt. 1977) ("[T]here is no … federal right of relief for the alienation of affections."), aff'd, 573 F.2d 1295 (2nd Cir. 1977) (Table).

Second, in any event, the named defendants did not act under color of state law. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West v. Atkins, 487 U.S. 42, 49 (1988) (quotation marks omitted). In this lawsuit, plaintiff has sued only religious entities and a private individual, none of which qualifies as a person acting for – or pursuant to the authority of – the state. See Fermin v. Priest of Saint Mary - Marfa, Texas, 775 F. App'x 162, 163 (5th Cir. 2019) ("Churches … are not state actors."); Ballard v. Wall, 413 F.3d 510, 518 (5th Cir. 2005) ("Private individuals generally are not considered to act under color of law, *i.e.*, are not considered state actors …"); see also Carter v. Abraham, No. 22-CV-00312, 2022 WL 1913618, at *4 (W.D. Tex. June 3, 2022) ("Private entities, such as churches, are not clothed with the authority of law to act

on behalf of the state, and as such, they are not subject to suit under § 1983." (quotation marks and brackets omitted)); Patrick v. InterWest Properties, No. 3:13-cv-00646, 2013 WL 5963083, at * 2 (D. Ore. Nov. 7, 2013) ("Actions by private individuals are not undertaken under color of state law unless there is significant state involvement." (quotation marks omitted)).

Because plaintiff's claims are not cognizable under § 1983 for the foregoing reasons, and because no other federal cause of action is mentioned in the complaint, he has not established that federal question jurisdiction exists here.

Furthermore, diversity jurisdiction clearly does not exist in this case. "The diversity statute requires 'complete diversity' of citizenship," meaning that "[a] federal court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same citizenship as any one of the defendants." Stiftung v. Plains Marketing, L.P., 603 F.3d 295, 297 (5th Cir. 2010) (quotation marks omitted). Here, however, both plaintiff and at least one of the defendants (Ann Carter Ensley, who is alleged to reside in Covington, Louisiana[2]) are citizens of the same state, Louisiana. Therefore, plaintiff obviously cannot establish that federal diversity jurisdiction exists, which, again, would be a burden he bears. See Garcia v. Koch Oil Co. of Texas, Inc., 351 F.3d 636, 638 (5th Cir. 2003) ("The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000.").

Accordingly, for all of the foregoing reasons, the undersigned finds that there is no basis for federal jurisdiction in this proceeding.

---

[2] Rec. Doc. 4, p. 4.

4

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this   21st    day of December, 2022.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**